UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
May 11, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Clemencia Ledesma, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action H-21-2142 |
| § | |
| Fiesta Mart, LLC, § | |
| § | |
| Defendant. § | |

# Opinion on Summary Judgment

1. *Introduction.*

   Clemencia Ledesma slipped and fell on water at a Fiesta Mart, LLC. She sued for premises liability. Fiesta Mart moved for summary judgment because it did not have constructive knowledge of the water.

2. *Background.*

   On August 28, 2019, Ledesma was grocery shopping at Fiesta Mart. She paid for her groceries and stood in front of the cashier. She asked the cashier to watch her groceries while she went to get eggs.

   It was around 1:35 p.m. She says she was in a hurry to watch a televison show at 2:00 p.m. In flip-flops, she walked to the aisle with the eggs, slipped, and fell on water.

   After Ledesma fell, she says she blacked out. She says a group of people came to assist her. She says a worker took pictures of the water. She says a witness told her that the water was already on the floor.

3. *Premises Liability.*

   To survive a motion for summary judgment on a premises liability claim, Ledesema must show some evidence that Fiesta Mart had actual or constructive knowledge of the danger.[1] Constructive knowledge may be shown by the condition existing for long enough or being big enough to have been discovered through reasonable inspection.

---

[1] *Wal-Mart Stores, Inc., v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

Texas law holds that an owner of a business has sufficient knowledge of a condition to be liable for the injuries caused by the condition if the plaintiff proves the defendant: (1) put the foreign substance on the floor; or (2) knew that it was on the floor and negligently failed to remove it; or (3) that the foreign substance was on the floor so long that it should have been discovered and removed in the exercise of ordinary care.[2]

Ledesma has no evidence that suggests Fiesta Mart had actual or constructive knowledge of the water. She says that water was dripping from the ceiling. She does not know for how long. She does not have facts to support the longevity of the leak that would put Fiesta Mart on notice.

She says that the incident report's absence of details about the source of the leak is "conspicuous." She says the failure to investigate is "incriminating." Ledesma has no facts that show a customer or worker warned Fiesta Mart that the ceiling was leaking. She did not mention the source of the leak until her deposition. Even if Fiesta Mart discovered the source, it does not mean it had notice. The source of the water is irrelevant.

That Ledesma slipped on water in a Fiesta Mart does not support the reasonable inference that Fiesta Mart put or left it there.

4. *Conclusion.*

Because Fiesta Mart, LLC, did not have actual or constructive notice of the water, Clemencia Ledesma will take nothing from Fiesta Mart.

Signed on May 11, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)